```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
UNITED STATES OF AMERICA,                :
                                         :    **SUMMARY ORDER**
         -against-                       :
                                         :    10-CR-113 (DLI)
KAWRON BISHOP,                           :
                                         :
                    Defendant.           :
------------------------------------------------------------- x
```

**DORA L. IRIZARRY, United States District Judge:**

Defendant Kawron Bishop is charged with being a felon in possession of a weapon, and with possession of a firearm with a defaced serial number, in violation of 18 U.S.C. §§ 922(g)(1), 922(k), 924(a)(1)(b), 924(a)(2), and 3551 *et seq*. Despite being represented by counsel, defendant moves *pro se* to dismiss the indictment for violation of the Speedy Trial Act, 18 U.S.C. § 3161(b), and the government opposes the motion. Absent invocation of the right to represent oneself without the assistance of counsel, defendants are not entitled to have *pro se* motions entertained by the court. *See Delgado v. Duncan*, 2003 WL 23185682, at *5 (E.D.N.Y. Nov. 4, 2003). Nevertheless, in an abundance of caution, the court addresses the merits of his motion by this Summary Order. For the reasons set forth below, the motion is denied.

## Background

Defendant was arrested on January 8, 2010 by officers of the New York City Police Department ("NYPD") for possession of a firearm. On January 13, 2010, while defendant was in the custody of the New York City Department of Corrections ("NYDOC"), U.S. Magistrate Judge Lois Bloom issued a warrant for his arrest pursuant to a sworn complaint alleging that defendant, a previously convicted felon, possessed a firearm on January 8, 2010. (*See generally* Docket Entry Nos. 1, 2.) On January 20, 2010, defendant was arrested pursuant to the federal arrest warrant, released from NYDOC, arraigned on the complaint before a magistrate judge in

the Eastern District of New York, and remanded to the custody of the U.S. Marshal. (*See generally* Docket Entry No. 3.) On February 18, 2010, a federal grand jury returned the instant indictment. (*See generally* Docket Entry No. 9.) On March 1, 2010, defendant, although represented by counsel, filed the instant motion *pro se*, requesting dismissal of the indictment on the ground that its timing violates the Speedy Trial Act.[1]

### Discussion

The Speedy Trial Act "mandates the dismissal of charges against a defendant who is not indicted, arraigned, or brought to trial within periods of time set forth in the statute." *United States v. Oberoi*, 547 F.3d 436, 443 (2d Cir. 2008) (citations and internal quotation marks omitted). Specifically, "[n]o more than 30 days can pass between arrest and indictment . . . ." *Id.* (citing 18 U.S.C. § 3161(b)). Here, it is uncontested that defendant was arrested by federal law enforcement officers on January 20, 2010 and indicted by a federal grand jury on February 18, 2010, twenty-nine days later. "[A]n individual is not arrested under 3161(b) until he is taken into custody after a federal arrest for the purpose of responding to a federal charge." *United States v. Bloom*, 865 F.2d 485, 490 (2d Cir. 1989) (citations and internal quotation marks omitted). Thus, the fact that defendant was arrested by the NYPD on state charges more than thirty days before the indictment at bar is irrelevant, and there has been no violation of § 3161(b).

Defendant supplements his statutory Speedy Trial argument with a constitutional argument, contending that the pre-indictment delay has prejudiced his defense. (*See* Mot. to Dismiss 2.) Such a contention requires him to "bear[] the 'heavy burden' of proving both that he suffered actual prejudice because of the alleged pre-indictment delay *and* that such delay was a course intentionally pursued by the government for an improper purpose." *United States v.*

---

[1] (*See generally* Mot. to Dismiss (Docket Entry No. 12).) Notably, defendant's attorney of record has not joined in the motion or supplemented it in any way.

*Cornielle*, 171 F.3d 748, 752 (2d Cir. 1999) (citations omitted). Regarding the former, defendant fails to describe or indicate any prejudice resulting from the delay. Regarding the latter, he baldly alleges, unsupported by any sworn allegations of fact, that "the government acted in 'bad faith' [by] picking up the state case to hide the obvious taint and history of improprieties by the officers of the [NYPD] 81st Precinct . . . ."[2] Such a conclusory statement, unsupported by any evidence whatsoever, is insufficient to satisfy defendant's heavy burden. Accordingly, his constitutional Speedy Trial argument is rejected and defendant's motion is dismissed in its entirety.

SO ORDERED.

Dated: Brooklyn, New York
March 16, 2010

_____/s/_____
DORA L. IRIZARRY
United States District Judge

---

[2] (Mot. to Dismiss 3.) This history includes a number of past arrests, one of which is the subject of a 42 U.S.C. § 1983 claim currently pending in this district. (*See id.* at 3–6.)